UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL JONES, III,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER GALLEGOS,<br><br>Defendant. | Case No. 25-cv-08895-NW<br><br>**ORDER SCREENING COMPLAINT, DISMISSING WITH LEAVE TO AMEND, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF No. 3 |

Plaintiff Jimmie Earl Jones, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion requesting the appointment of counsel. *See* ECF Nos. 1, 3. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DISMISSES** the Complaint with leave to amend.

## I.     BACKGROUND

Jones alleges that on December 6, 2023, he found a cellular phone plugged into a wall behind his locker; the phone had a sticky note with the unlock code written on it. Correctional Officer Hunter Gallegos, whom Jones names as Defendant in this matter, confiscated the cellular phone. Gallegos allegedly told Jones that he would suffer no consequences if he provided Gallegos with the code to unlock the phone, and Jones complied. However, Gallegos still "wr[o]te [him] up." ECF No. 1 at 3. Jones alleges that the phone did not belong to him, and that Gallegos violated institutional policy and engaged in discrimination and retaliation.

Jones seeks monetary damages.

## II.     LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*:  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

**III.    DISCUSSION**

The Court addresses each claim below.

**A.    Rules Violation Report**

A due process claim based on allegedly false reports by officers fails as a matter of law.  A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct that may result in the deprivation of a protected liberty interest.  *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  As long as

2

United States District Court
Northern District of California

Jones was afforded procedural due process in the disciplinary hearing, which he does not contest, *see generally* ECF No. 1, his allegations of a fabricated or unfair charge fail to state a claim under § 1983. *See Garrott v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015) (noting there is no federally recognized right for a prisoner to be free from false accusations); *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984). The claim is **DISMISSED WITH LEAVE TO AMEND** so Jones may clarify whether he received procedural due process in connection with the rules violation report at issue.

### B.      Remaining Claims

Jones also alleges that Gallegos engaged in discrimination and retaliation but does not provide any factual support for his assertion.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). Jones will be given an opportunity to amend to state a viable First Amendment retaliation claim, as set forth above, if he can. *See also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege facts showing that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

Additionally, to state a discrimination claim under § 1983 for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir. 2005) (citation modified). "Different treatment of unlike groups does not support an equal protection claim"; rather, the groups "must be comprised of similarly situated persons." *Id.* at 1167–68 (finding petitioner failed to state equal protection claim because groups alleged to be receiving different treatment not "similarly situated"). Jones will also be given an opportunity to amend to state a viable Fourteenth Amendment claim, if he is

United States District Court
Northern District of California

3

able to do so.

## IV.    CONCLUSION

The Court orders as follows:

1.  The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

2.  Jones' motion requesting the appointment of counsel (ECF No. 3) is **DENIED**. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in 42 U.S.C. § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1).  The decision whether to appoint one rests within "the sound discretion of the trial court" and is generally granted in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To determine whether appointment of counsel is warranted, the Court considers whether the claims are likely to be meritorious and the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted).  At this stage, this case does not present exceptional circumstances.  Moreover, Jones has shown he is capable of adequately presenting his claims, facts, and arguments.

3.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page.  Because an amended complaint completely replaces the original, Jones must include all claims and allegations of fact to support his claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Jones is cautioned that he may not incorporate material from the prior complaint by reference.  He must re-allege all claims he wants to pursue.  Failure to amend within the designated time will result in this action's dismissal

without prejudice.

4.  It is Jones' responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk is requested to send a blank prisoner civil rights complaint form to Jones with a copy of this order.

**IT IS SO ORDERED.**

Dated: March 9, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

5